# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NIKKO CARTENUS FOREMAN,

        Defendant-Appellant.

UNPUBLISHED
October 14, 2014

No. 315947
Wayne Circuit Court
LC No. 12-010359-FC

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of first-degree murder, MCL 750.316; and possession of a firearm during the commission of a felony, MCL 750.227b. He was sentenced to life in prison without parole for his first-degree murder conviction; and two years' imprisonment for his felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant first argues that the prosecution failed to present sufficient evidence to convict him of first-degree murder. This Court reviews a challenge to the sufficiency of the evidence in a criminal case de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). The test for determining such a challenge is, "whether the evidence, viewed in a light most favorable to the [prosecution], would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000).

The elements of first-degree murder are (1) an intentional killing of a human being (2) with premeditation and deliberation. *People v Hoffmeister*, 394 Mich 155, 158; 229 NW2d 305 (1975); *People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993). Defendant's sole argument on appeal is that the prosecution failed to produce sufficient evidence of premeditation and deliberation.

The premeditation and deliberation element requires "sufficient time to allow the defendant to take a second look." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (citation omitted). The finder of fact may find the following factors persuasive: "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995).

A couple of weeks before the shooting, which occurred on September 27, 2012, defendant and Derek Johnson, the victim's brother, were in an altercation over a drug deal in which Derek took marijuana from defendant and did not pay. According to defendant's statement made to police, "[Derek] robbed me. And everybody in the neighborhood said he was looking for me. And I felt threatened by him."

On September 27, 2012, defendant thought he saw Derek at a BP gas station. Defendant pulled into the gas station and went inside the store. Defendant got in-line behind Derek's brother, Jeremy Johnson, whom he believed to be Derek. Defendant removed a .38 caliber revolver from his clothing and shot Jeremy six times, including a fatal shot to the head. Defendant subsequently admitted to the shooting and claimed that Derek, rather than Jeremy, was the intended target.

Based on the prior altercation between Derek and defendant; the lapse of time between the altercation and the shooting; the statements made to police, including that he thought he saw Derek in the store and went inside; and the dangerous weapon used, there was sufficient evidence proving that defendant premeditated and deliberated before shooting Jeremy. See *Anderson*, 209 Mich App at 537. Accordingly, defendant's sufficiency of the evidence challenge as to his first-degree murder conviction fails.

Defendant also makes the unpreserved argument that the jury's verdict is against the great weight of the evidence. This issue is abandoned. Defendant cites the law for his challenge, but he fails to explain, rationalize, or assert a basis for his claims. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291, 303 (2001). Nevertheless, "when a party fails to preserve a great-weight issue for appeal, an appellate court will look for 'plain error affecting the defendant's substantial rights.' " *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011), quoting *Musser*, 259 Mich App at 218. To avoid forfeiture under the plain error standard, a defendant must establish that: (1) an error occurred, (2) the error was plain (i.e., clear or obvious); and (3) the plain error affected the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

This is not a case where the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow it to stand. *Cameron*, 291 Mich App at 616-617. Rather, defendant relies on the same reasoning employed for his argument that there was insufficient evidence to sustain his convictions. We find that the evidence strongly supports the verdict. Defendant has not demonstrated plain error.

Defendant also argues that one of the prosecution's statements, during closing argument, denied defendant his due process right to a fair trial because it improperly appealed to juror sympathy. Defendant did not object to the challenged statement or request a curative instruction, and therefore, the issue is unpreserved. See *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

The test for prosecutorial misconduct is generally whether defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Unpreserved claims of prosecutorial misconduct, however, are reviewed for plain error. *Carines*, 460 Mich at 763. It is improper for a prosecutor to make blatant appeals to the jury's sympathy. *People v*

*Mayhew*, 236 Mich App 112, 123; 600 NW2d 370 (1999). The prosecution improperly appeals to the jury's sympathy when it repeatedly attempts to have the jury sympathize with the victim. See *People v Unger*, 278 Mich App 210, 237; 749 NW2d 272 (2008); see also *People v Dalessandro*, 165 Mich App 569, 581; 419 NW2d 609 (1988). In contrast, isolated statements do not appeal to the jury's sympathy, especially when the trial court instructs the jury not to be influenced by sympathy or prejudice. See *People v Watson*, 245 Mich App 572, 591; 629 NW2d 411 (2001); see also *Mayhew*, 236 Mich App at 123. Furthermore, where a timely objection or a request for a curative instruction could have alleviated any prejudicial effect the improper prosecutorial statement may have had, there is no error requiring reversal. *Unger*, 278 Mich App at 238.

In this case, defendant argues that the prosecution appealed to the jury's sympathy by making the statement that, "this was a brutal murder. It was conducted brutally. It was conducted brazingly [sic]. And it left the 22-year-old son, father, and brother dead, on the floor of the BP Gas Station, in the City of Detroit." The prosecution made this statement once. The statement was based on evidence and reasonable inferences drawn therefrom.[1] And while the statement used dramatic language, it was permissible. *People v Ullah*, 216 Mich App 669, 678-679; 550 NW2d 568 (1996). Furthermore, the trial court specifically instructed the jury, "you must not let sympathy or prejudice influence your decision." On the record, we find no plain error because the statement was not an improper appeal to the jury's sympathy for the victim. *Watson*, 245 Mich App at 591.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering

---

[1] The record never established that Jeremy was a father. Thus, the prosecutor's statement in that respect argued facts not in evidence, which is improper. *Dobek*, 274 Mich App at 66. Defendant does not argue that this error constitutes plain error requiring reversal.